1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Brandon G. Adams,

                Plaintiff,

      v.

J. Callo, et al.,

                Defendants.

Case No. 2:23-cv-00275-RFB-DJA

**Order**

11        Under 28 U.S.C. § 1915, Plaintiff is proceeding in this action *pro se* and has requested

12 authority to proceed *in forma pauperis*.  (ECF No. 8).  Plaintiff has also submitted a complaint.

13 (ECF No. 1-1).  Because the Court finds that Plaintiff's application is complete, it grants his

14 application to proceed *in forma pauperis*.  However, because the Court finds that Plaintiff's

15 complaint does not assert a claim upon which relief can be granted, it dismisses his complaint

16 with leave to amend.

17 **I.     *In forma pauperis* application.**

18        Plaintiff filed the affidavit required by § 1915(a).  (ECF No. 8).  Plaintiff has shown an

19 inability to prepay fees and costs or give security for them.  Accordingly, the request to proceed

20 *in forma pauperis* will be granted under 28 U.S.C. § 1915(a).  The Court will now review

21 Plaintiff's complaint.

22 **II.    Screening the complaint.**

23        Upon granting an application to proceed *in forma pauperis*, courts additionally screen the

24 complaint under § 1915(e).  Federal courts are given the authority to dismiss a case if the action is

25 legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks

26 monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

27 When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend

28 the complaint with directions as to curing its deficiencies, unless it is clear from the face of the

1    complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70

2    F.3d 1103, 1106 (9th Cir. 1995).

3         Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a

4    complaint for failure to state a claim upon which relief can be granted. Review under Rule

5    12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d

6    719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of

7    the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp.*

8    *v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual

9    allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the

10   elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v.*

11   *Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations

12   contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*,

13   556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory

14   allegations, do not suffice. *Id.* at 678. Where the claims in the complaint have not crossed the

15   line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570.

16   Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings

17   drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal

18   construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

19        Federal courts are courts of limited jurisdiction and possess only that power authorized by

20   the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C.

21   § 1331, federal courts have original jurisdiction over "all civil actions arising under the

22   Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when

23   federal law creates the cause of action or where the vindication of a right under state law

24   necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277

25   F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the

26   "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a

27   federal question is presented on the face of the plaintiff's properly pleaded complaint."

28   *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under 28 U.S.C. § 1332(a), federal

1    district courts have original jurisdiction over civil actions in diversity cases "where the matter in

2    controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of

3    different states."  Generally speaking, diversity jurisdiction exists only where there is "complete

4    diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each

5    of the defendants.  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

6    **A.    The Court dismisses Plaintiff's complaint without prejudice.**

7    Plaintiff sues court clerks J. Callo, L. Ortiz, Yelena A. Williams, Delaney Anderson, and

8    Allison Taylor for allegedly filing documents that were not Plaintiff's into his cases.  (ECF No. 1-

9    1 at 2-4).  Judges are absolutely immune from suit for judicial actions undertaken in the course of

10    their official duties in connection with a case, unless the judge acts outside of his or her judicial

11    capacity or in the complete absence of jurisdiction.  *Mireless v. Waco*, 502 U.S. 9, 11–12 (1991).

12    A similar immunity extends to other court personnel when performing tasks that are related to the

13    judicial process. See *Mullis v. U.S. Bankr. Court for Dist. of Nev.*, 828 F.2d 1385, 1390 (9th Cir.

14    1987) (explaining that the clerk of court and deputy clerks qualify for quasi-judicial immunity

15    when they perform tasks that are an integral part of the judicial process unless they act in the clear

16    absence of all jurisdiction).

17    Plaintiff alleges that these clerks filed documents erroneously into his cases.  Taking the

18    facts alleged in Plaintiff's complaint as true, these clerks were performing tasks related to the

19    judicial process while processing filings.  Accordingly, Plaintiff's claims against these defendants

20    are barred by quasi-judicial immunity.  Even if Plaintiff's claims were not barred by quasi-

21    judicial immunity, Plaintiff has not alleged sufficient facts to state a claim upon which relief can

22    be granted.  The Court thus dismisses Plaintiff's complaint without prejudice and with leave to

23    amend.

24    **III.    Recusal.**

25    Although not raised by plaintiff, the undersigned magistrate judge is named in a separate

26    lawsuit that Plaintiff has filed.  *See Adams v. Judge Richard F. Boulware II, et al.*, Case No. 2:22-

27    cv-01234-CDS-MDC.  However, the undersigned magistrate judge does not find it appropriate to

28    recuse from the instant matter for that reason, particularly because Plaintiff has named nearly

every judge in the District of Nevada.  To the extent that Plaintiff alleges that the pending lawsuit

in *Adams v. Boulware* creates a bias in the undersigned toward the Plaintiff here, the Court notes

that a judge is not disqualified by a litigant's suit or threatened suit against him.  *Ronwin v. State*

*Bar of Arizona*, 686 F.2d 692, 701 (9th Cir. 1981) *reversed on other grounds sub nom. Hoover v.*

*Ronwin*, 466 U.S. 558 (1984); *see also United States v. Studley*, 783 F.2d 934, 939-40 (9th Cir.

1986).  The Ninth Circuit has asserted that "[s]uch an easy method for obtaining disqualification

should not be encouraged or allowed."  *Ronwin*, 686 F.2d at 701.

### **ORDER**

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma*

*pauperis* (ECF No. 8) is **granted.**  Plaintiff shall not be required to pre-pay the filing fee.

Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of

any additional fees or costs or the giving of a security therefor.  This order granting leave to

proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at

government expense.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's

complaint (ECF No. 1-1) on the docket but shall not issue summons.

**IT IS FURTHER ORDERED** that the complaint (ECF No. 1-1) is **dismissed without**

**prejudice** for failure to state a claim upon which relief can be granted, with leave to amend.

Plaintiff will have until **March 22, 2024** to file an amended complaint if the noted deficiencies

can be corrected.  If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court

cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint

complete.  This is because, generally, an amended complaint supersedes the original complaint.

Local Rule 15-1(a) requires that an amended complaint be complete without reference to any

prior pleading.  Once a plaintiff files an amended complaint, the original complaint no longer

serves any function in the case.  Therefore, in an amended complaint, as in an original complaint,

each claim and the involvement of each Defendant must be sufficiently alleged. **Failure to comply with this order will result in the recommended dismissal of this case.**

DATED: February 21, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE